IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GEORGE FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOAN SERVICING, LP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-247 TS |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On or about June 5, 2007, Plaintiff signed a Note in favor of Countrywide Home Loans, Inc. in the principal amount of $175,000, to acquire property in West Jordan, Utah. Also on or about June 5, 2007, Plaintiff signed a Deed of Trust securing the Note which identified Countrywide Home Loans, Inc. as Lender, Stewart Matheson as Trustee, and MERS as Beneficiary and as nominee for Lender and its successors and assigns. The Deed of Trust states:

1

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[1]

Plaintiff filed his Complaint on March 22, 2010. Plaintiff brings seven causes of action against Defendants: (1) Estoppel/Declaratory Judgment; (2) Violations of Real Estate Settlement Procedures Act; (3) Violations of Federal Truth-In-Lending Act; (4) Declaratory Judgment; (5) Quiet Title; (6) Usury and Fraud; and (7) Refund, Fees, and Costs.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

---

[1] Docket No. 4, Ex. B.

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

2

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[7] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[9] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[11] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[12]

---

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7]*Id*.

[8]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9]556 U.S. ___, 129 S.Ct. 1937 (2009).

[10]*Id*. at 1949.

[11]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[12]*Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[13]

## III. DISCUSSION

A.  RESPA

Plaintiff's second cause of action is for a violation of the Real Estate Settlement Procedures Act ("RESPA"). In his Complaint, Plaintiff alleges that Defendants are subject to the provisions of RESPA, that, in violation of RESPA, "Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed," and that he is entitled to damages.[14]

---

[13]*Id*. at 1949-50 (internal quotation marks and citations omitted).

[14]Docket No. 2 at 8.

4

Under the standard set forth above, Plaintiff's claims are too vague and conclusory to state a claim for relief. Further, Plaintiff's RESPA claim does not fall within the one year statute of limitations.[15] As a result, Plaintiff's second of cause of action must be dismissed.

B.  TILA

In his third cause of action, Plaintiff asserts that he is entitled to rescission under the Truth in Lending Act ("TILA") for alleged violations of that Act. This claim fails. First, any TILA violations are barred by the statute of limitations.[16] Further, a number of courts,[17] including this one,[18] have held that the rescission provisions in TILA do not apply to a residential mortgage transaction, such as the one here.

C.  ESTOPPLEL; DECLARATORY JUDGMENT; QUIET TITLE; REFUND, FEES, AND COSTS

Plaintiff's underlying claim for his First, Fourth, Fifth, and Seventh causes of action are that Defendants do not have the authority to assert any present default on the Note, or power of sale under the deed of trust because they have securitized the deed of trust. This argument must be rejected.

---

[15] 12 U.S.C. § 2614.

[16] 15 U.S.C. § 1640(e).

[17] *See, e.g., Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004) ("[T]here is no statutory right or rescission . . . where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.") (collecting cases).

[18] *See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, at *2 (D. Utah Sept. 16, 2009).

As set forth above, the trust deed states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[19]

This Court, per Judge Kimball, interpreting an identical provision, has found that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, and to foreclose and sell the property.[20] For the same reasons expressed by this Court in *Burnett*, Plaintiff's First, Fourth, Fifth, and Seventh causes of action must be dismissed.

This conclusion is not changed by Plaintiff's argument that Defendants are no longer parties in interest because the underlying note was securitized. First, Plaintiff has alleged no factual support to demonstrate that the note was the subject of securitization. Second, even assuming that the note was the subject of securitization, Plaintiff's arguments ignore the fact that securitization merely creates "a separate contract, distinct from Plaintiff[']s debt obligations under the reference credit (i.e. the Note)."[21] Thus, the separate contract that is the result of securitization does not free Plaintiff from the terms agreed upon in the Deed of Trust.

---

[19] Docket No. 4, Ex. B.

[20] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009).

[21] *Larota-Florez v. Goldman Sachs Mortgage Co.*, 2010 WL 1444026, at *6 (E.D. Va. Apr. 8, 2010)

6

D. USURY AND FRAUD

Plaintiff's Sixth cause of action alleges a claim for usury and fraud. Plaintiff's claim for usury fails because he does not identify any factual basis for his claim.

Plaintiff's claim for fraud must meet the requirements of Fed.R.Civ.P. Rule 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[22] "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[23]

Having reviewed the allegations in the Complaint, the Court finds that Plaintiff's allegation are insufficient to state a claim for fraud. Plaintiff's allegations are the same type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"[24] recently rejected by the Supreme Court. They are merely "'naked assertion[s]' devoid of 'further factual enhancement.'"[25] Those facts which are alleged do not nudge Plaintiff's claims across the line from conceivable to plausible. As a result, they do not meet the requirements of Fed.R.Civ.P. 8.

---

[22]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[23]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[24]*Id.* at 1949.

[25]*Iqbal*, 129 S.Ct. at 1249 (quoting *Twombly*, 550 U.S. at 557).

Nor do these broad, vague, and conclusory allegations meet the stricter requirements of Rule 9(b).

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 3) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED   September 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge